## THE BRANCH BANK AT DECATUR v. JONES.

1. The act of 1821, authorizing a summary judgment against Banks generally, on failure to redeem their notes, on ten days' notice being given of the intended motion, is repugnant to the thirteenth section of the charter of the Branch Bank at Decatur, which requires thirty days' notice of such motion, and is, therefore, as it regards the time of notice, repealed.

ERROR to the Circuit Court of Morgan.

This was a motion by the defendant in error against the Bank, for judgment on notes of the Bank, amounting to twenty-eight hundred dollars.

The record disclosed that thirty days' notice had not elapsed from the time of giving notice of the motion, to the time when the judgment was rendered; which was assigned for error. Many other questions were presented on the record, but as no other assignment of error was noticed by the court, they need not be further stated.

McCLUNG, for plaintiff in error, contended, that the provision of the 13th sec. of the charter of the Bank, giving to the creditors of the Bank the right to the same summary remedy which had been given by the eighth section to the Bank against its debtors, was a repeal of the act of 1821, giving a summary remedy against Banks generally; the former requiring thirty days to be given, and the latter, only ten days notice. That therefore, if it be con-

ceded that the act of 1821 applies to Banks afterwards created, that the two acts are repugnant to each other, and the latter repeals the former *pro tanto*.

S. PARSONS, *contra*—Denied that there was any repugnancy between the two acts, but that both might well stand together. He insisted that the reciprocity which the constitution required, and which the thirteenth section of the charter contemplated, did not relate to the details of the remedy—that therefore, all that was required by the thirteenth section of the charter was, that those having claims against the Bank should be permitted to enforce them, by motion, and this was secured by the act of 1821.

As to the construction of statutes, he referred to 6th Porter, 231; 1 B. Com. 90 ; 19 Viner's Ab. 525 ; Pl. 132 ; 9th Cowen, 506.

ORMOND, J.—The principal question in the case is, whether there was sufficient notice of the time of making this motion.— The solution of this question depends on the construction of the two statutes which have been cited. In 1821, an act was passed, giving to the holders of bank notes, a summary remedy, if the note was not paid on presentment, and authorized a judgment by motion against the bank, on ten days' notice to be given, to be executed and returned by the sheriff, making the protest of a notary evidence of the fact of presentment to the bank for payment. [Aik. Dig. 54.]

In 1832, the Branch Bank at Decatur was chartered. By the 8th section of the charter, authority was given to the bank to recover from any one indebted to it, by motion, in the circuit or county court of the county in which the bank is situated, giving *thirty* days notice of the intended motion, upon producing the certificate of its president that the debt is really and *bona fide* the property of the bank. [Aik. Dig. 72.] The 13th section declares " that the remedy for the collection of debts shall be reciprocal for and against the bank," which is a literal transcript from the constitution of this State, under the head of " Establishment of Banks."

We entertain no doubt that the act of 1821, although passed long anterior to the charter of the Decatur Bank, would operate directly on it, so as to give the remedy there provided, to the holders of bills against that bank. So, on the other hand, we think it

equally clear that if the act of 1821 was not in existence, the effect of the 13th section of the charter of the bank would be to give the creditors of the bank the same remedy against the bank, and to be exercised in the same mode which the bank had against its debtors. The question then to be decided is, whether the act of 1821 was repealed by the 13th section of the charter.

It is an established rule in the construction of statutes, that the law does not favor a repeal by implication ; that where two statutes are so repugnant to each other that they cannot stand together, the former must yield to the latter, but so far as both may consist together, both will be sustained. [6 Bac. Ab. 373 ; Kinney v. Mallory, 3 Ala. Rep. 626.]

. It is to be observed, that although these statutes were passed at different times, they were both passed. on and re-affirmed by the Legislature at the adoption of Mr. Aikin's compilation of the laws ; it appears therefore, that the Legislature considered both these enactments in force, or to speak more accurately, we must understand it as a declaration that the Legislature did not understand that they were wholly repugnant to each other, as one of the principal objects of the Digest was to exclude from the authorized statute book all repealed laws.

. The only point in which these two statutes are repugnant to each other, is in the length of time which was required to elapse after notice before the court was authorized to render judgment, the first law requiring only ten days, the last thirty days' notice, and as it is impossible that effect should be given to both in this particular, the former must yield to the latter, and is as to the length of notice, repealed.

Although we have observed upon the fact, that the Legislature, by the adoption of Mr. Aikin's Digest, re-affirmed their opinion, that the two acts were not wholly repugnant, yet when laws found on the statute book are repugnant to each other, we know of no other mode of ascertaining which must yield in cases of this kind, but by referring to the dates of their passage. [See 4 Porter, 189.]

It results from this view that the judgment which was rendered before thirty days had elapsed, after the notice, must be reversed, and it therefore becomes unnecessary to consider the other point made in the cause.