# Smith *v.* The State.

*Prosecution for Carrying Concealed Weapons.*

1. *Former acquittal, or conviction; continuous offense.*—Carrying a
weapon concealed about the person (Code, § 4109), is necessarily an act
continuous in its nature; and where it appears that the defendant,
while visiting a neighboring plantation, and inviting the residents to a
dance, exhibited a pistol at two houses some fifty or sixty-yards apart,
and has been tried and convicted (or acquitted) on the testimony of the
persons at one of the houses, he can not be again prosecuted on the
testimony of the persons who saw him at the other house.

FROM the County of Court of Macon.

Tried before the Hon. P. S. HOLT.

The prosecution in this case was commenced by an affidavit,
made by Amanda Brown, on the 16th February, 1885, which
charged, "that John Smith carried a pistol concealed about his
person, and that said offense was committed in said county of
Macon." On the trial, as the record and bill of exceptions
show, the defendant having pleaded a former acquittal, on
which plea issue was joined, he introduced in evidence the
record of a former acquittal, and the affidavit on which it was
founded. That affidavit was made by Eli Butler, on the 27th
December, 1884, and charged the offense in the same words as
the affidavit in this case; and the judgment of acquittal, on
verdict of not guilty, was rendered on the 16th February, 1885,
and was in all respects formal. " The defendant then proved
by Eli Butler and Dave Spencer, that they were subpœnaed as
witnesses in said case against the defendant at the last term,
and were examined as witnesses on the trial, and testified as
follows: that the defendant, on Friday of last Christmas week,
came to the plantation of E. T. Varner, where all the witnesses
lived, and went from house to house inviting the people who
lived there to a party to be given by him; that they met the
defendant at the house of one Bill Foote, on said place, and
saw him take from his pocket a pistol which was before con-
cealed from observation; and said witnesses were now present
at this term of the court, having been subpœnaed for the State
as witnesses, on the charge preferred by Amanda Brown. The
defendant then introduced said Amanda Brown and one John

17

[Smith v. The State.]

Moore, who testified, that they also were subpœnaed as wit-
nesses for the State in said prosecution against the defendant
at the last term, but were not examined on the trial; that they
had been again subpœnaed, and were now present as witnesses
for the State on the pending charge ; that the defendant came
to the Varner place, on said Friday of last Christmas week, to
invite the people to a party ; that he came to the house of said
Amanda, and remained there about half an hour; that they
there saw him take from his pocket a pistol, which was before
concealed, and put it back in his pocket; and that he then
went immediately to the house of Bill Foote, which was about
sixty yards distant from said Amanda's house, where said But-
ler and Spencer had testified they met him.   It was proved, on
the part of the State, that the present prosecution was founded
on the testimony of said Amanda Brown and John Moore ;
and that on the trial at the last term, the evidence was, on the
defendant's motion, confined to Bill Foote's house, where said
witnesses testified to defendant's having the pistol."   On this
evidence, the court charged the jury as follows: " There is
nothing necessarily continuous in the offense of carrying con-
cealed weapons, and a man may be tried and convicted of car-
rying a concealed weapon twenty times a day, if he exhibits it
at so many different places."   The defendant excepted to this
charge, and requested the following charge in writing : " If the
evidence shows that the defendant exhibited the pistol at the
house of Amanda Brown, and went from there, in a very short
time, to the house of Bill Foote, only sixty yards distant, and
there again exhibited the same pistol, the weapon each time
being taken from a place of concealment on his person ; and
that all this occurred on the same day ; and that the defendant
was tried and acquitted on the charge of carrying a pistol con-
cealed on his person at the house of Bill Foote,—then they
must find for the defendant."   The court refused to give this
charge, and the defendant excepted.   Under these rulings of
the court, the jury found the issue against the defendant ; and
issue being then joined on the plea of not guilty, he was con-
victed on the testimony of Amanda Brown and John Moore,
substantially as above set forth.

Thos. N. McClellan, Attorney-General, for the State.

STONE, C. J.—Defendant was prosecuted for carrying a
pistol concealed about his person, under section 4109, as
amended by act approved February 19, 1881.—Sess. Acts, 38.
To carry, in this statute, means " to convey, bear, or transport,
by sustaining the thing carried, or causing it to be sustained."
Worcester's Dictionary.   We think that, ex vi termini, it is

[Levy v. The State.]

continuous in its nature, and that the two alleged acts shown in the proof, amount to no more than one continuous act of carrying.—*Owens v. The State*, 74 Ala. 401. Any other interpretation would furnish no rule for determining into how many indictable offenses one act of continuous carrying could be subdivided.

Reversed and remanded.