(92 South. 94)

**FILLMORE v. STATE.    (5 Div. 360.)**

(Court of Appeals of Alabama.    Dec. 20, 1921.)

Intoxicating liquors 236(5)—Evidence held insufficient to justify conviction.

In a prosecution for making, selling, giving away, or having a still for the purpose of manufacturing prohibited beverages, evidence as to finding corn, shorts, sweetening, etc., in defendant's possession, held insufficient to justify conviction.

Appeal from Circuit Court, Tallapoosa County; S. L. Brewer, Judge.

Will Fillmore was convicted of violating the Prohibition Law, and he appeals. Reversed and remanded.

The evidence for the state tended to show that on two occasions the house of the defendant was searched, and on the first occasion a half barrel containing corn and shorts and sweetening was found in his house, and that this was in a fermented condition containing alcohol. On the second occasion a tin lard can was found down at his hogpen containing whole corn, some meal or shorts, and some syrup or sugar, that the can was smoked, and had some mud around the top. The defendant denied ever having made any whisky, or having any knowledge how to make it, and that he used the stuff found at his house and at the hogpen in fattening his hogs. The defendant requested affirmative instructions as to both counts of the indictment, which were refused by the court.

James W. Strother, of Dadeville, for appellant.

Under the evidence in this case, the defendant was entitled to an instructed verdict under each count of the indictment. 17 Ala. App. 401, 85 South. 835; 11 Ala. App. 195, 65 South. 683; 116 Ala. 445, 23 South. 40.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The indictment was in two counts. The first charged that defendant manufactured, sold, gave away, or had in his possession a still, apparatus, appliance, or a device or substitute therefor, for the purpose of manufacturing prohibited beverages. The second count charged a manufacturing of the liquor. The defendant was convicted on the first count of the indictment, which of itself is an acquittal of the charge under the second count.

We have carefully read and re-read the evidence, and cannot find therein sufficient evidence to overcome the presumption of innocence, which the law raises for the protection of defendants on trial for crime. The pro-

---

hibition laws are good laws. The courts should enforce them in such manner as to accomplish the good for which they were designed, but convictions should not be had or permitted to stand unless the evidence is strong and convincing, lest in supporting one evil we lapse into another of even greater danger to our liberty. The general afirmative charge as to count 1 should have been given.

The judgment is reversed, and the cause is remanded.

Reversed and remanded.

---

⊛For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes