The defendant was tried under an affidavit, which contained two counts. The first count charged that the defendant "did sell, offer for sale, keep for sale, barter, exchange, give away or otherwise dispose of prohibited liquors or beverages contrary to law." The second count charged that he "did keep, or have in his possession, or receive or possess spirituous, vinous, or malt liquors, or other prohibited alcoholic liquor or beverage, contrary to law."
Under each count of the affidavit the defendant was found guilty by the jury, and a fine of $250 was assessed in each case.
The affirmative charge, as requested in writing, was refused to the defendant as to each count of the affidavit.
We have given the most careful consideration to the evidence as disclosed by the record in this case, and from it we are unable to find any testimony upon which to predicate a conviction under the first count of the affidavit. Under this count we are clearly of the opinion that the affirmative charge should have been given as requested by the defendant. As to the second count, we do not think the testimony was sufficient to warrant a conviction that the defendant was in possession of the old saloon, which the testimony shows was located next to and very close to the defendant's home, this saloon being the place where the prohibited liquors are said to have been stored and found, and this being the character of possession that the state evidently relied upon to convict the defendant under the second count of the affidavit.
There was, however, another phase of the testimony, which was before the jury, and, while we may not be so very much impressed with it as sufficient upon which to rest a verdict of guilty, yet certain inferences may have been legitimately drawn therefrom which would have warranted the jury in arriving at the conclusion that the defendant did have possession of prohibited liquors, as charged in the second count of the affidavit.
The only witnesses for the state were two police officers of the city of Birmingham, who testified that at a certain time they found about seven quarts of prohibited liquors in the old saloon above referred to. That shortly thereafter at another place they found the defendant in an alley, and they heard someing drop and break about where he was; that the defendant ran off, and then turned and came back to them; that, upon an examination of the place where they saw the defendant, and heard something drop and break, they found a broken bottle or flask, and the smell of something which was spilled when the bottle was broken, which in their opinion was whisky; that they made a search there, and could find no other whisky. The defendant denied that he ever had possession of or knew anything about the bottle or the contents or the broken bottle or the whisky supposed to be therein, as testified to by these two officers. So, as stated above, on this phase of the testimony a jury question was presented as to the second count, and the affirmative charge was properly refused.
The judgment of the court, after reciting the finding of the jury that the defendant was guilty under each count, and assessing a fine of $250 under each count, proceeds as follows:
"It is therefore considered by the court, and it is the judgment of the court that the defendant is guilty as charged in count 1 and count 2 of said affidavit, and that he pay an aggregate fine of $500 and costs of this cause."
It is patent that this is a single judgment against this defendant. We are therefore not called upon to decide what action this court would take in case there had been a judgment separately, on the conviction in each *Page 322 
case, where it appears, as it does appear in this case, that there was error in convicting the defendant under one of the counts under which he was tried. Suffice it to say that, as there was error in the refusal to give the affirmative instruction for the defendant under count 1, and that, as there was a single judgment entered for the aggregate amount assessed by the jury under each count, the judgment of conviction must be reversed, and the cause remanded for another trial under each count of the affidavit.
We deem it unnecessary to pass upon the other questions presented by this appeal, as they will probably not arise on another trial.
Reversed and remanded.