(99 South. 770)

## JONES v. STATE. (6 Div. 330.)*

(Court of Appeals of Alabama. Feb. 5, 1924. Rehearing Denied April 8, 1924.)

1. Intoxicating liquors ⬅➡238(4)—Evidence of possession for sale properly held for jury.

Whether defendant was in possession of whisky, and, if so, whether he possessed it for sale, held for jury.

2. Intoxicating liquors ⬅➡236(5)—Quantity of whisky and circumstances justified inference of possession for sale.

Defendant's arrest while in an automobile containing 54 gallons of whisky, and surrounding circumstances, held to justify jury's inference that possession was for purpose of sale.

3. Criminal law ⬅➡829(1)—Refusal of charge covered by oral charge not error.

It was not error to refuse charges substantially covered by court's oral charge.

4. Criminal law ⬅➡1086(14)—Absence of motion to exclude objectionable argument precludes review.

Where it does not appear from bill of exceptions that motion was made to exclude alleged objectionable argument from jury, question is not presented in proper form for review.

5. Indictment and information ⬅➡130—Indictments may charge different offenses in several counts.

Indictments for misdemeanors may charge in several counts different offenses, judgment on which is the same.

6. Indictment and information ⬅➡127—Generally joinder of counts intended to meet different phases of evidence.

---

*Petition for certiorari dismissed 100 South. 331.

*Certiorari denied. Ex parte State ex rel. Davis, 99 South. 924.

Theory of joinder of different counts is that each alleges distinct offense, and generally in practice joinder is intended to meet different phases in which evidence may present same offense.

**7. Criminal law ⚫═202(3)—Conviction of separate offenses for single transaction held error.**

Where affidavit charged possession of liquors for sale and mere possession, and evidence disclosed single transaction, there could be conviction of but one offense, and defendant found guilty on each count could not be punished as for two offenses.

**8. Criminal law ⚫═995(1)—Single judgment for aggregate fines assessed by jury held error.**

On conviction and assessment of fine under both counts of affidavit, single judgment for aggregate fines assessed was error.

Appeal from Circuit Court, Jefferson County; William E. Fort, Judge.

Frank Jones was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Roderick Beddow and Ben F. Ray, both of Birmingham, for appellant.

Although defendant had liquor in his possession, other evidence is required to show him guilty of selling liquor. 17 Ala. App. 12, 81 South. 348; 17 Ala. App. 399; 18 Ala. App. 409, 92 South. 529; 18 Ala. App. 69; 18 Ala. App. 62, 88 South. 375; 18 Ala. App. 28, 89 South. 100.

Harwell G. Davis, Atty. Gen., and Jim Davis, Sol., of Birmingham, for the State.

No brief on original hearing reached the Reporter.

FOSTER, J. The appellant was tried on an affidavit containing two counts; the first count charging the selling or possession of prohibited liquors for sale, the second count charging the possession of prohibited liquors. The jury found the defendant guilty as charged in each count of the affidavit, and assessed a fine of $500 under each count. As additional punishment the court sentenced the defendant to four months' hard labor under count 1.

The evidence for the state tended to show that the defendant Frank Jones was arrested on February 12, 1923, on Grant Mill road, about 13 miles from Birmingham, in a Ford roadster which contained about 54 gallons of whisky; that one Jack Wiggins was driving the car toward Birmingham; that the defendant stated at the time of the arrest that he had gotten Jack Wiggins to drive him to Shelby county that morning; the car was coming back from Shelby county. The evidence for the defendant tended to show that the whisky belonged to Jack Wiggins, and that the defendant had merely gotten into the car for a lift on the highway toward his home; that he had no interest in the whisky, and no knowledge that it was in the automobile. There were conflicting statements as to what occurred and what was said by the defendant and Wiggins at the time of the arrest. There was evidence that one of the arresting officers "punched" or hit the defendant during the discussion immediately following the arrest.

[1, 2] The court did not err in the refusal of charges 1 and 2, the general charge for the defendant under each count of the affidavit. It was for the jury to determine, under the evidence, whether the defendant was in possession of the whisky, and if so whether he had it in his possession for sale. From the large quantity of whisky and all the surrounding circumstances the jury were justified in the inference that the defendant had possession of the whisky for the purpose of selling it.

[3] Charges 3 and 4 are fully, fairly, and substantially covered by the oral charge of the court, and it was not error to refuse said charges.

[4] If it be conceded that the portion of the argument of the solicitor for the state to which objection was taken was objectionable, it does not appear from the bill of exceptions that motion was made to exclude the argument from the jury, and the question is not presented in such form as that it may be here reviewed. Boyette v. State, 18 Ala. App. 363, 92 South. 516; Lambert v. State, 208 Ala. 42, 93 South. 708; Elliott v. State, ante, p. 263, 97 South. 115.

The jury returned a verdict as follows:

"We, the jury, find the defendant guilty as charged in the first and second counts of the affidavit and assess the fine at $500 under each count."

The adjudication of the court is as follows:

"It is therefore considered by the court, and it is the judgment of the court, that the defendant is guilty as charged in the first and second counts of the affidavit, and that he pay an aggregate fine of $1,000 and costs of this cause."

The court then sentenced the defendant to hard labor for 140 days because of his failure to pay the fine of $500 imposed under count 1, and for 140 days because of his failure to pay the fine of $500 imposed under count 2 of the affidavit.

[5] Indictments for misdemeanors may charge in several counts different offenses, the judgment upon which is the same. Covy v. State, 4 Port. 186.

[6] The theory of the joinder of different counts in an indictment is that each alleges a distinct and substantive offense. In practice generally the joinder is intended to

---

⚫═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

meet the different phases in which the evidence may present the same offense. Adams v. State, 55 Ala. 143.

[7] In the instant case there were two counts in the affidavit, covering (1) the possession of prohibited liquors for sale and (2) the mere possession. Each of these charged an offense against the statute. The evidence disclosed but a single transaction, and there could be a conviction of but one offense. One single transaction or state of facts cannot be so split up as to convict the defendant of several separate and distinct offenses. A defendant cannot be punished for two distinct offenses growing out of the same act where one is a necessary ingredient of the other. "The state cannot divide that which is but one crime and make the different parts of it the basis of separate prosecutions." Savage v. State, 18 Ala. App. 299, 92 South. 19, and authorities there cited; Moore v. State, 71 Ala. 307; Smith v. State, 79 Ala. 257; Foster v. State, 88 Ala. 182, 7 South. 185. In Ben v. State, 22 Ala. 9, 58 Am. Dec. 234, a count in the indictment charging the administering of poison to three different persons by one act was held to charge a single offense. A person betting at cards at a public place on Sunday commits three offenses: First, playing cards on Sunday; second, gaming at a public place; and, third, betting at a game of cards at a public place—but a conviction under one is a bar to the prosecution under the other statutes. McVay v. State, 100 Ala. 113, 14 South. 862; O'Brien v. State, 91 Ala. 25, 8 South. 560.

[8] It is also error to enter a single judgment for the aggregate amount of fines assessed by the jury under each of the two counts of the affidavit. Williams v. State, 18 Ala. App. 321, 92 South. 21.

For the errors indicated, the motion for a new trial should have been granted, and the judgment of conviction is reversed, and the cause is remanded.

Reversed and remanded.