(99 South. 56)
**LEE v. STATE. (7 Div. 970.)**

(Court of Appeals of Alabama. Feb. 5, 1924.)

1. **Intoxicating liquors ⚖➡238(1)—Defendant entitled to affirmative charge where evidence failed to show the commission of any offense.**

In a prosecution for manufacturing alcoholic liquor and possessing a still, defendant was entitled to the affirmative charge on the count for manufacturing alcoholic liquor, where there was a total lack of evidence showing that alcoholic liquors had been manufactured by defendant at the time and place shown by the evidence.

2. **Criminal law ⚖➡1168(1)—Error in refusing affirmative charge as to one count held to necessitate reversal.**

Where defendant was entitled to the general affirmative charge as to the first count of an indictment for a violation of the prohibition law, and the verdict referred to the charge contained in the indictment as a whole, the error in refusing such charge necessitates a reversal of the judgment appealed from.

Appeal from Circuit Court, De Kalb County; W. W. Haralson, Judge.

George Lee was convicted of violating the prohibition law, and appeals. Reversed and remanded.

Isbell & Scott, of Ft. Payne, for appellant.

There was no evidence tending to show that whisky had been made, and defendant was entitled to the affirmative charge as to count 1. Lee v. State, 18 Ala. App. 566, 93 South. 59; Seigler v. State, ante, p. 135, 95 South. 563; Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Hammons v. State, 18 Ala. App. 470, 92 South. 914; Guin v. State, ante, p. 67, 94 South. 788; Morris v. State, 18 Ala. App. 435, 92 South. 910; Morris v. State, 18 Ala. App. 456, 93 South. 61; Battles v. State, 18 Ala. App. 475, 93 South. 64.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

BRICKEN, P. J. The first count of the indictment charged that the defendant, George Lee, distilled, made, or manufactured alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcohol.

The second count charged him with unlawfully possessing a still, etc., to be used for the purpose of manufacturing prohibited liquors or beverages.

There was a general verdict of guilty as charged in the indictment, and judgment of guilt, "as charged in the indictment," was pronounced, from which this appeal is taken.

[1, 2] The principal assignment of error insisted upon is the refusal of the court to give the affirmative charge in favor of defendant as to the first count of the indictment. This insistence appears well taken and must be sustained; this is conceded by the Attorney General, representing the state on this appeal, for the reason that there is a total lack of evidence showing or tending to show that alcoholic, spirituous, malted, or mixed liquors or beverages, a part of which was alcoholic, had been made or manufactured by defendant or by any one else at the time and place shown by the evidence of the state. This being true, the defendant was entitled to the general affirmative charge as to the first count of the indictment, and, as the verdict of the jury referred to the charge contained in the indictment as a whole, the error in refusing said charge necessitates a reversal of the judgment appealed from.

This case is not unlike that of Williams v. State, 18 Ala. App. 321, 92 South. 21. See, also, Fillmore v. State, 18 Ala. App. 334, 92 South. 94; Morris v. State, 18 Ala. App. 456, 93 South. 61.

Reversed and remanded.

─────────────────────

⚖➡For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes