(103 So. 914)

### BARKER v. STATE.    (7 Div. 73.)

(Court of Appeals of Alabama.   April 14, 1925.)

**1. Intoxicating liquors ⊗⊃224—Burden on state to prove defendant's guilt beyond reasonable doubt does not shift when state makes prima facie case.**

Though testimony of state in prosecution for possessing still makes a prima facie case against defendant, it does not shift burden of proof resting on state to prove defendant's guilt beyond a reasonable doubt.

**2. Criminal law ⊗⊃308—Evidence held insufficient to overcome presumption of innocence of possessing still.**

Conflicting evidence of state witnesses *held* insufficient to sustain conviction of possessing a still, as not overcoming presumption of innocence.

**3. Intoxicating liquors ⊗⊃226—Same rules of evidence applicable to liquor prosecutions as in other criminal cases.**

The same rules of evidence must apply in prosecutions for violation of prohibition laws as in all other criminal cases.

Appeal from Circuit Court, Calhoun County; S. W. Tate, Judge.

Ad Barker was convicted of possessing a still, and he appeals.   Reversed and remanded.

Charles F. Douglas, of Anniston, for appellant.

The evidence in this case was not sufficient to be submitted to the jury. Wilson v. State, ante, p. 62, 100 So. 914; Ammons v. State, ante, p. 283, 101 So. 511; Watkins v. State, ante, p. 246, 101 So. 334; Fillmore v. State, 18 Ala. App. 334, 92 So. 94. Prima facie case of guilt does not rebut the presumption of innocence. Watkins v. State, supra.

Harwell G. Davis, Atty. Gen., and Lamar Field, Asst. Atty. Gen., for the State.

The affirmative charge was properly refused.   Wilson v. State, ante, p. 62, 100 So. 914.

RICE, J.   The defendant was convicted of the offense of having in his possession a still, apparatus, appliance, or device, or substitute therefor, to be used for the purpose of manufacturing prohibited liquors or beverages, etc., and he appeals.

The evidence for the state in its strongest aspects was by the witness Draper that—

"We went to his (defendant's) house and found a still worm in his closet next to his bedroom, and under the house we found a thumper keg and connection pipe to that keg. * * * The still worm I found was suitable for the purpose or to be used for the purpose of making liquor. * * * This thumper was by (in) a basement under the house, and we also saw under there a lots of plunder, cans and kegs, buckets and boxes, and sacks and things. * * * I never saw a thumper used for carrying water, but it could be used for that purpose. * * * I don't think I smelled any whisky on the still worm. * * * I did not smell the thumper. * * * I did not find any still. All I found was a still worm, the thumper, and gooseneck. The still could not be operated with those pieces. * * * I did not see any evidence of the operation of a still. * * * I did not find anything that could in any way connect Ad Barker with a still, except the worm, the gooseneck, and the thumper. * * * I found a gallon of white homemade whisky. Three quarts of it hid above the door, * * * and we found two pints in another room. * * * There were two holes in the top of the thumper, and the gooseneck fit in it exactly. * * * I found the pipe and it fit all-right."

And by the witness Knighton that—

"This worm was found in the closet in his (defendant's) house. * * * We also found a shorter piece of pipe that Mr. Draper called a gooseneck. We left it at the home of Ad Barker (the defendant). We also left the thumper there. The worm is all we brought. We found some white whisky, which I judge was corn. * * * The thumper is about the size of a small beer keg. * * * It was of wood with iron bands around it. It is heavier timbered than a nail keg and something like the small beer keg that used to be used. At one time they were frequently used, and such a keg will last for a long time. I suppose the keg would weigh 10 or 15 pounds. It did not have anything in it, and I did not smell it to see if it carried a liquor odor. We could have brought the gooseneck along also, but we did not do it. The worm is the only thing we brought. * * * We did not see anything around his house to indicate that a still had been operated there. * * * The thumper had some holes bored in it. We did not fit the pipes in the holes."

The defendant offered testimony explaining his possession of "the worm," and the "thumper" keg—that they were not to be,

---

⊗⊃For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] Ante, p. 540.

and had not been, used in making liquor. He denied knowledge of the piece of pipe denominated by one of the state's witnesses as a "gooseneck," and denied having operated a still, or having any knowledge of the way in which whisky was made, and denied generally his guilt as charged.

Upon testimony substantially as stated above, the defendant was convicted of a felony.

[1] It is true that under the holding in the case of Wilson v. State (Ala. App.) 100 So. 914,[1] the testimony adduced by the state made a prima facie case against the defendant. but as expressly also held in the Wilson Case. supra, this did not operate to shift the burden of proof resting upon the state to prove the guilt of the defendant to the satisfaction of the jury beyond a reasonable doubt, before his conviction can stand. Segars v. State, 86 Ala. 59, 5 So. 558.

[2] We quote and adopt, as applicable to the present case, the language of Samford, J., in Fillmore v. State, 18 Ala. App. 334, 92 So. 94, which is:

"We have carefully read and re-read the evidence, and cannot find therein sufficient evidence to overcome the presumption of innocence, which the law raises for the protection of defendants on trial for crime. The prohibition laws are good laws. The courts should enforce them in such manner as to accomplish the good for which they were designed, but convictions should not be had or permitted to stand unless the evidence is strong and convincing, lest in supporting one evil we lapse into another of even greater danger to our liberty."

The evidence here, on behalf of the state, it will be noted, is contradictory as between the two state's witnesses in at least one rather important particular, and while it may, and does, give rise to suspicion, surmise, or conjecture, it is not in our opinion sufficient to sustain a judgment of conviction. The presumption of innocence, evidentiary in its nature, attended the accused upon this trial, and the state's evidence, in our opinion, failed to overcome this presumption.

[3] We have repeatedly held that the same rules of evidence must apply in prosecutions for violation of the prohibition laws as apply in all other criminal cases, and unless trial courts properly apply this rule, their rulings of necessity must and will be revised and corrected by the appellate courts in order that the constitutional rights of an accused to a fair and impartial trial be not infringed. Ammons v. State, ante, p. 283, 101 So. 511; Watkins v. State, ante, p. 246, 101 So. 334.

For the error in overruling defendant's motion to set aside the verdict of the jury, the case will be reversed. .

Reversed and remanded.

