(124 So. 666)

### KING v. STATE. (4 Div. 516.)

Court of Appeals of Alabama. Nov. 19, 1929.

Simmons & Simmons, of Opp, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J. The defendant was indicted by the grand jury on a charge of using abusive, insulting, or obscene language in the presence or hearing of a woman. On the trial, the defendant interposed the defense that he had been convicted in a court of competent jurisdiction on a charge of public drunkenness, which said charge embraced the same matters and things charged in the pending indictment. The question raised in this record is the correctness of the ruling of the lower court in sustaining a demurrer to the defendant's plea of autrefois convict based upon the same state of facts.

The statute, Code 1923, § 3883, under which the conviction set up in the plea was had, is as follows: "Any person who, while intoxicated or drunk, appears in any public place where one or more persons are present, or at or within the curtilege of any private residence, not his own, where one or more persons are present, and manifests a drunken condition by boisterous or indecent conduct, or loud and profane discourse, must, on conviction, be fined not less than five nor more than one hundred dollars to be paid in money only."

The violation of this statute was "against the peace and dignity of the State of Alabama," i. e. the sovereignty of the state was offended by the acts constituting the offense. That its peace and dignity was also offended in that another of its statutes had been violated by the same act gives the state the right to elect as to which it will prosecute, but a series of criminal charges cannot, under our system of jurisprudence, be based on the same

offense or criminal act at least as concerns the dignity of the same sovereignty. 2 Bishop, Criminal Law, par. 1060; State v. Damon, 2 Tyler (Vt.) 387; Moore v. State, 71 Ala. 307; Jones v. State, 19 Ala. App. 600, 99 So. 770; Trawick v. City of Birmingham, ante, p. 308, 125 So. 211.

If the facts which proved the offense of public drunkenness of which defendant was convicted, as set up in his plea, either in whole or in part constitute the facts necessary to a conviction here, the state cannot be allowed to proceed to a conviction. The state cannot and will not be allowed to take the same state of facts as a basis for a series of criminal prosecutions.

The lower court committed error in sustaining the demurrer, and the judgment is reversed, and the cause is remanded.

Reversed and remanded.