(125 So. 211)

### TRAWICK v. CITY OF BIRMINGHAM.
### (6 Div. 539.)

Court of Appeals of Alabama.  Oct. 29, 1929.

Rehearing Denied Nov. 19, 1929.

Harrison Kendrick, of Birmingham, for appellant.

W. J. Wynn and Ralph E. Parker, both of Birmingham, for appellee.

RICE, J. This prosecution was begun in the recorder's court of the city of Birmingham, and resulted in a conviction of defendant on a charge of driving an automobile while intoxicated. Defendant appealed to the circuit court, and there interposed a plea of former jeopardy alleging that when arraigned in the recorder's court he was tried and convicted of speeding, being assessed with a fine which he paid; that the speeding charge and the present charge of driving a car while intoxicated grew out of, and included the same offense, and same act out of which the speeding charge arose. The city's demurrer to this plea, on grounds (1) "that the charges of speeding and driving a car while intoxicated are separate and distinct offenses," and (2) "that if defendant was found guilty of speeding that does not exonerate him from the charge of driving a car while intoxicated," was sustained.

On the trial in the circuit court the jury returned a verdict of guilty. There was judgment accordingly, and defendant appeals to this court, assigning as error the foregoing ruling on demurrer to his plea, among others. The question of real importance on this appeal is thus well put by counsel for the city (appellee) in their able and exhaustive brief filed on this appeal: "So the question, therefore, directly put to this Honorable Court for determination, is this: Is a former conviction or acquittal for the offense of speeding a bar to a subsequent prosecution for the offense of driving an automobile while under the influence of intoxicating liquors, where both offenses arise out of the same transaction?"

In the recent case of Haraway v. State, 22 Ala. App. 553, 117 So. 612, this court held that, where the defendant was prosecuted and convicted on a charge of public drunkenness, he could not be thereafter indicted and convicted of disturbing religious worship; the evidence disclosing that both prosecutions were based upon the same state of facts and for the same act. It was there said: "The same act, although it may be a violation of several statutes, may not be made the basis of a series of prosecutions. The state is the actor, and must elect as to which violation it will prosecute, and when it has so elected. all others are precluded."

Undoubtedly authority is cited in support of this pronouncement. Among the cited cases is that of Jones v. State, 19 Ala. App. 600, 99 So. 770, 771. In that case, holding that defendant could not for the one act be prosecuted and convicted of the two offenses of possessing prohibited liquors for sale and the mere possession of liquors, the court said: "One single transaction or state of facts cannot be so split up as to convict the defendant of several separate and distinct offenses. A defendant cannot be punished for two distinct offenses growing out of the same act where one is a necessary ingredient of the other. The state cannot divide that which is but one crime and make the different parts of it the basis of separate prosecutions.'"

In the case of Savage v. State, 18 Ala. App. 299, 92 So. 19, 20, a conviction for the unlawful manufacture of prohibited liquors was reversed on showing that appellant had theretofore been prosecuted and convicted on a charge of unlawfully possessing the identical liquor, both prosecutions arising out of the identical act and transaction. It is there

310

said: "It is the fixed policy of the law in this jurisdiction that a single crime cannot be split up or subdivided into two or more indictable offenses and, if the state, through its duly constituted officers, in a court of competent jurisdiction, elects to prosecute a crime in one of its phases or aspects it cannot afterwards prosecute the same criminal act under color of another name."

In the Savage Case we find a quotation from Buchanan v. State, 10 Ala. App. 103, 65 So. 205, involving prosecutions for petit and grand larceny based upon the same act, as follows: " 'The state cannot elect to prosecute and try a person for a lower grade and then, put him on trial for a higher grade of the same offense.' " Moore v. State, 71 Ala. 307 and Hurst v. State, 86 Ala. 604, 6 So. 120, 11 Am. St. Rep. 79, are to the same effect. See, also, Gunter v. State, 111 Ala. 23, 20 So. 632, 56 Am. St. Rep. 17; 1 Bishop, Cr. Law, § 1060; 8 R. C. L. 145.

Now to consider the instant facts in the light of the foregoing authorities: The driving of this automobile by this defendant while he was intoxicated and the driving of the automobile by the defendant at an unlawful rate ("speeding") were, though separate and distinct offenses, violations of separate and distinct ordinances, the outgrowth of the one identical act. While, as argued by counsel, one might be guilty of driving while intoxicated and yet drive in a lawful manner, or might drive at a reckless rate of speed and yet be sober, still the fact persists that they arose out of the same act. To permit the splitting of the one act into two offenses would be no different from allowing one to be prosecuted twice for firing one shot that killed two persons, or killed one and wounded another; or where the one act of introducing a file into a prison brought about the escape of two prisoners; or where one person had at the same time in his possession two receptacles each containing prohibited liquor. Indeed, it is conceivable, and quite probable, that this appellant violated, in addition to the ordinances noted, other ordinances having to do with traffic regulations.

Of the quite numerous cases cited by appellee, and urged as authority to support the ruling of the trial court, it will suffice to say that each is to be differentiated, on its own peculiar facts, from the instant case and the cases here relied upon.

The ruling of the trial court was not in accord with the views here expressed. For the error in sustaining demurrer to defendant's plea the judgment will be reversed, and cause remanded.

Reversed and remanded.