11 So.2d 872

## GARNER v. STATE.
### 7 Div. 709.

Court of Appeals of Alabama.

Jan. 12, 1943.

Rehearing Denied Feb. 2, 1943.

L. H. Ellis, of Columbiana, for appellant.

Wm. N. McQueen, Atty. Gen., and John J. Haynes, Asst. Atty. Gen., for the State.

BRICKEN, Presiding Judge.

There is but one point of decision involved upon the appeal; and said point is presented by the record proper. There is no bill of exceptions.

The "Statement of the case," in appellant's brief, correctly states the only controversy involved, and is as follows:

"Appellant was prosecuted in the County Court of Shelby County, Alabama, on a complaint charging him with driving an automobile along a highway in Shelby County, Alabama, while intoxicated.

"In the County Court he filed a plea of former conviction, setting up that he was prosecuted by the State in the Justice Court for driving an automobile without a driver's license, of which offense the Justice Court had jurisdiction and he was found guilty and paid his fine. The further allegation of his plea is that the prosecution in Justice Court was based upon and is of the same matters and transactions as alleged in the complaint in County Court for driving an automobile while intoxicated, and that the charge embraced in the complaint for driving an automobile while intoxicated was the same as driving or operating said automobile as was made the basis of the prosecution in the Justice Court. The plea thus filed in Justice Court is found on page 8 of the record.

"In the Circuit Court, on appeal, the Solicitor filed a complaint and to this complaint the defendant re-filed his plea of former conviction and the State's demurrers to said plea were sustained. The defendant then plead not guilty, was tried and convicted and prosecutes this appeal."

The complaint filed by the solicitor in the circuit court is in words and figures as follows: "The State of Alabama, by its Solicitor, A. L. Hardegree, complains of Elwood Garner, that within twelve months before the commencement of this prosecution he did while intoxicated, drive a Motor Vehicle, to-wit: An Automobile upon a highway in said County, to-wit: The Birmingham and Montgomery Highway, contrary to law, against the peace and dignity of the State of Alabama."

In answer to said complaint the defendant filed the following plea:

"Comes the defendant and for plea says:

"The State ought not to further prosecute this complaint against him because that on, to-wit: the 3rd. day of July 1941, a charge was preferred against him in the Justice Court of Dixon B. Jones, a Notary Public and Ex Officio Justice of the Peace, Beat 3, Shelby County, Alabama, for driving an automobile without a driving license, said Justice Court having jurisdiction of such offense and of this defendant. Said prosecution was begun by affidavit or complaint made by John Haygood, a State Highway Patrolman, and the substance of said complaint or affidavit was that this defendant did operate an automobile without a driver's license in said Shelby County, Alabama, and to this charge the defendant plead guilty and was duly convicted by said court of and for said offense, which defendant alleges was based upon and is of the same matters and transactions as is alleged in this complaint or prosecution of which he is now charged, and that the charge embraced in the complaint in this cause for driving an automobile while intoxicated is the same driving or operating of said automobile as was made the basis of said prosecution, for driving the same automobile at the said time and on the same occasion without a license. He further avers that said prosecution in said Justice Court was without his consent and connivance; all of which the defendant is ready to verify and prays judgment that he should be discharged as to the present prosecution."

The solicitor representing the State in the circuit court, filed the following demurrer thereto:

"Comes the State of Alabama and demurs to the defendant's plea refiled in said cause on this the 4th day of June, 1942, and for grounds for said demurrer sets down the following separately and severally, to-wit:

"1. For that said plea is no answer to said complaint.

"2. For that said charge referred to in said plea alleging that said defendant did operate an automobile without a driver's license is an entirely different charge from the one here complained of to-wit: Operating a Motor Vehicle while intoxicat-

ed upon a highway in said County and State.

"3. For that the matters and things set out and referred to in said plea are not the same matters and transactions as is alleged in this complaint of prosecution."

On the point involved the judgment entry shows the following: "On this the 4th day of June, 1942, came Arthur L. Hardegree, Solicitor, who prosecutes for the State of Alabama, also came the defendant in his own proper person and re-files to the Solicitor's complaint, his plea of former conviction. The Solicitor files demurrers to defendant's plea of former conviction. Said demurrers being heard and understood by the Court, it is, therefore, considered, ordered and adjudged by the Court that said demurrers be and they are hereby sustained."

This action of the court presents, as stated, the sole question involved on this appeal, that is to say, the sufficiency of defendant's plea of former conviction.

 Under the prevailing rule, often announced by the appellate courts of this State, we are unable to agree with earnest counsel for the appellant, and perforce must, and do hold, there was no error in the action of the court in sustaining the State's demurrer to the plea. Certainly the voluntary act of becoming intoxicated, and in that condition drive a car upon the highways as complained, is not, and could not, be analogous, and plead in bar to the defendant's having driven said car without first procuring a license as the law requires. On this question we are in accord with the insistence of the Attorney General, in the following statement contained in brief:

"In charging the defendant with driving a car or motor vehicle without a license would it require the same evidence, or could the defendant be convicted on the same evidence, if he was charged with driving a car while intoxicated? Simply to state the proposition answers it in the negative. And certainly this is the test. To convict for driving a car without a license all that would be necessary would be to prove that the defendant was driving the car, and to show that he was doing so without a license authorizing him to drive. To convict a defendant of driving while intoxicated upon highways of the State, the evidence not only would have to show that he drove the car, but

he drove it while intoxicated. No question of license could enter it."

In our recent case of Brown v. State, 200 So. 630, 632, certiorari denied 240 Ala. 589, 200 So. 634, this court said: "As we see it, the established test to which a plea of former jeopardy must be subjected is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first indictment. In other words, in determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not be sufficient to convict on the first, then the first will not be a bar to the second. Such has been the holding in innumerable decisions of the appellate courts of this State, some of which are hereby cited: Foster v. State, 39 Ala. 229; Gordon v. State, 71 Ala. 315; Hall v. State, 134 Ala. 90, 115, 32 So. 750; Ex parte State, etc., 210 Ala. 69, 70, 97 So. 240; Eastep v. State, 25 Ala.App. 593, 151 So. 616."

Upon authority of the foregoing, (and cases cited) the judgment of the lower court from which this appeal is taken is affirmed.

Affirmed.