John Charles BLUM, Plaintiff-Appellant,

v.

The COUNTY COURT OF LARIMER COUNTY and William E. Smoke, one of the judges therein, Defendants-Appellees.

No. 80CA1079.

Colorado Court of Appeals,
Div. II.

June 18, 1981.

Law Offices of King & Wallin, Tad Wallin, Fort Collins, for plaintiff-appellant.

Stuart A. VanMeveren, Dist. Atty., Christine Loucks, Deputy Dist. Atty., Fort Collins, for defendants-appellees.

STERNBERG, Judge.

The issue in this appeal is whether prosecution in the county court for driving under the influence is permissible after a defendant has entered a guilty plea to speeding in a municipal court where both charges arise out of the same incident. The district court concluded that neither constitutional double jeopardy provisions nor Colorado statutes prohibited the prosecutions. We affirm.

On September 12, 1979, John Charles Blum was stopped in Wellington, Colorado, by a municipal police officer. The Wellington officer issued to him a municipal court summons for speeding. At the time of the arrest, the Wellington officer contacted the state patrol. The state patrol officer issued Blum a summons to county court for driving under the influence.

On January 8, 1980, Blum entered a guilty plea to the speeding charge in municipal court. Then, on March 5, 1980, he moved to dismiss the driving under the influence charge on the grounds of double jeopardy. His motion was denied, and Blum filed a C.R.C.P. 106 action in the district court which subsequently entered judgment remanding the case to county court for trial. From this judgment, Blum appeals.

■ Blum contends that the double jeopardy clauses of the federal and Colorado constitutions and the Colorado joinder statute, § 18–1–408(2), C.R.S.1973 (1978 Repl. Vol. 8), prohibit the state from trying him in county court for driving under the influence because he had previously entered a guilty plea in municipal court to the speeding charge. We do not agree. *Martinez v. People*, 174 Colo. 365, 484 P.2d 792 (1971), is dispositive. Where, as here, the state charge contains elements and requires evidence fully distinct from that required by the municipal prosecution for the first charge, there is no double jeopardy.

■ Nor does § 18–1–303(1)(a), C.R.S. 1973 (1978 Repl.Vol. 8), constitute a statutory bar to prosecution in county court. That statute provides that acquittal or conviction of the municipal charges based on the same conduct will act as a bar to state charges unless: "The offense for which the defendant was formerly convicted or acquitted requires proof of a fact not required by the offense for which he is subsequently prosecuted . . . ." The mere fact that Blum was speeding would not be sufficient to convict him of driving under the influence, just as proof that the alcoholic content of his blood was above a certain level would not provide a basis for a conviction of speeding.

■ Finally, we hold that prosecution for driving under the influence in the county court is not barred by § 18–1–408(2), C.R.S. 1973 (1978 Repl.Vol. 8). That statute requires joinder of offenses arising from the same criminal episode. This provision has been construed to be inapplicable where, as here, the district attorney does not participate in or have knowledge of the decision to prosecute the different offenses separately in the state and municipal systems. *People v. Talarico*, 192 Colo. 445, 560 P.2d 90 (1977).

The judgment is affirmed.

PIERCE and TURSI, JJ., concur.