On the night of October 30, 1983, Officer Tim Collins of the Montgomery Police Department was driving south on Zelda Road in Montgomery. Collins observed a car, traveling in the opposite direction, come around a curve and then cross the center line into the lane in which Collins was traveling. After the car passed Collins, he turned around and stopped this vehicle.
When the car pulled over, Collins asked the appellant, the driver of the car, for his driver's license. The appellant had trouble finding the license and Collins asked him to get out of the car. Collins then noticed an odor of alcoholic beverages. The appellant was asked to perform several field sobriety tests, all of which he failed. An alco-sensor test was administered to the appellant which he also failed.
The appellant was then placed under arrest for improper lane usage and taken to the police station. At the station, the appellant could not blow enough air with which to administer the GCI test. He was then charged with driving under the influence.
On November 1, 1983, the appellant paid his fine of $39.00 on the improper lane use charge to the Montgomery Municipal Court Clerk's office. On December 1, 1983, the appellant was tried in Montgomery Municipal Court on the DUI charge. The appellant was found guilty and his conviction was appealed to the Montgomery Circuit Court.
On January 25, 1984, the appellant filed a plea of former jeopardy alleging that his payment of improper lane usage fine precluded a conviction on the DUI charge because both of these charges arose from the same incident.
On February 1, 1984, a hearing was held on the appellant's plea. During this hearing, the trial court took judicial notice that the clerks of the Municipal Court were not supposed to accept payment of fines for charges which were companion charges with DUI. Further, the prosecutor nol prossed the improper lane usage charge against the appellant and attempted to refund the money he had paid for the fine. The check was refused by the appellant.
The trial court denied the appellant's plea of former jeopardy on February 24, 1984. Trial was had on the DUI charge on this same day and the appellant was found guilty as charged. The appellant was sentenced to sixty days in the city jail and fined $1000.50 plus court costs.
 I
The appellant contends that his plea of former jeopardy should have been granted. In support of this contention, the appellant cites us to Trawick v. City of Birmingham,23 Ala. App. 308, 125 So. 211 (1929), cert. denied, 220 Ala. 291,125 So. 212 (1929). In Trawick, supra, this court held that the defendant's conviction for DWI would constitute double jeopardy because the appellant had already been convicted of speeding and paid the proper fine and, also, the speeding and DWI offenses arose out of the same transaction.
We do not believe the "same transaction" test is the law of this state nor the proper way to examine the issue in the case at bar. In reviewing double jeopardy claims, this court must look to the identity of the offenses, not the act out of whichthe offenses arose.
 "As we see it, the established test to which a plea of former jeopardy must be subjected is, whether the facts averred in the second indictment, if found to be true, would have warranted a conviction upon the first indictment. In other words, in determining whether both indictments charge the same offense, the test generally applied is that when the facts necessary to convict on the second prosecution would necessarily have convicted on the first, a final judgment on the first prosecution will be a bar to the second; but if the facts which will convict on the second prosecution would not be sufficient to convict on the first, then *Page 491 
the first will not be a bar to the second. Such has been the holding in innumerable decisions of the appellate courts of this State, some of which are hereby cited: Foster v. State, 39 Ala. 229; Gordon v. State, 71 Ala. 315; Hall v. State, 134 Ala. 90, 115, 32 So. 750; Ex parte State, etc., 210 Ala. 69, 70, 97 So. 240; Eastep v. State, 25 Ala. App. 593, 151 So. 616."
Garner v. State, 31 Ala. App. 52, 11 So.2d 872, 874 (1943); See also Racine v. State, 291 Ala. 684, 286 So.2d 896.
In an almost identical fact situation to the case at bar, the United States Court of Appeals for the District of Columbia held that the defendant's conviction for DWI did not constitute double jeopardy even though the defendant had first pled guilty to driving on the wrong side of the street and both of these offenses were the result of one identical act. District ofColumbia v. Buckley, 128 F.2d 17 (D.C.Ct. of App. 1942).
 "We held in Sims v. Rives, 1936, 66 App.D.C. 24, 84 F.2d 871, certiorari denied 1936, 298 U.S. 682, 56 S.Ct. 960, 80 L.Ed. 1402, in view of Gavieres v. United States, 1911, 220 U.S. 338, 31 S.Ct. 421, 55 L.Ed 489; Morey v. Commonwealth, 1871, 108 Mass. 433, cited therein, and Morgan v. Devine, 1915, 237 U.S. 632, 35 S.Ct. 712, 59 L.Ed. 1153, that `the test of identity of offenses is whether the same evidence is required to sustain them; if not, then the fact that both charges relate to and grow out of one transaction does not make a single offense where two are defined by the statutes.' (66 App.D.C. at page 29, 84 F.2d at page 876, quoting from Morgan v. Devine, supra 237 U.S. at 632, 35 S.Ct. 712, 59 L.Ed. 1153)."
". . .
 "Under the test stated, it is indisputable that the plea of autrefois convict in the instant case was bad. The same evidence would not sustain the two charges in question. To prove the charge under the second information of driving on the wrong side of the street it would be necessary to show only that the appellee was on July 21, 1940, operating a motor vehicle in the District of Columbia on the left side of the street. Obviously this proof alone would not support conviction of the charge in the third information of operating a motor vehicle while intoxicated. Clearly also mere proof that the appellee on the date alleged was driving in the District while intoxicated would sustain the charge under the third information, but it would not prove that the appellee was driving on the wrong side of the street as charged in the second. No authority is necessary to support the foregoing. See, nevertheless, State v. Sisneros, 1938, 42 N.M. 500, 82 P.2d 274, and People v. McGrath, 1928, 94 Cal.App. 520, 271 P. 549."
District of Columbia v. Buckley, supra at 19-20.
In applying the identity of offenses test to this case, we hold that the appellant's conviction did not place the appellant twice in jeopardy. The evidence necessary to sustain a conviction for improper lane usage would not be sufficient to sustain a conviction for DUI and vice versa. Therefore, the appellant's DUI conviction should stand.
 II
The appellant asserts that the State failed to prove a prima facie case. Our review of the record reveals that there was sufficient evidence presented at trial to sustain the appellant's conviction for DUI.
Therefore, this cause is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur. *Page 492