McMillan, judge.
Appellant was convicted of the offense of driving under the influence of drugs or alcohol, in violation of § 32-5A-191, Code of Alabama (1975). After the appellant was sentenced and fined, she filed this appeal. For the reasons outlined below, the judgment and sentence of the trial court are due to be affirmed.
On November 15,1983, the appellant was arrested for the offenses of speeding and driving under the influence of drugs or alcohol. After she was found guilty of the offense of speeding, the appellant paid a fine and costs and then entered a plea of “former jeopardy” to the charge of driving under the influence. Appellant argued at the trial court level that “former jeopardy” should apply to the facts of this case since the “charge of speeding and the present charge of driving under the influence occurred at the same time.” As authority for her position, the appellant cited Trawick v. City of Birmingham, 23 Ala.App. 308, 125 So. 211 (1929), cert. denied, 220 Ala. 291, 125 So. 212 (1929). On appeal, appellant raises one issue.
The sole issue presented for this court’s review is stated as follows: “Does a speeding conviction bar subsequent prosecution of DUI which occurred at the same time and was the proximate cause for the DUI arrest?” As noted above, appellant relies on the authority of Trawick v. City of Birmingham, supra, to support her position. Under similar facts, however, this case has been expressly overruled by virtue of the recent case of Sporl v. City of Hoover, 467 So.2d 273, 276 (Ala.Cr.App.1985). In Sporl, this court, per Judge Patterson, reasoned that the “applicable rule” should be as follows:
“[Wjhere the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not.” Id. at 274, quoting Blockburger v. United States, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed. 306, (1932).
Using this analysis, this court in Sporl concluded that the mere payment of a fine for a reckless driving conviction would not operate as a bar to a conviction of driving under the influence, where both charges arise from the same event, since they are “separate and distinct criminal offenses which do not require the same elements of proof.” 467 So.2d at 274. To conclude otherwise would be to “circumvent the purpose for which the laws in question were enacted, i.e., the protection of the public at large from dangerous vehicular conduct.” Id. at 276.
In addition to Sporl, in the more recent case of Wright v. City of Montgomery, 477 So.2d 489 (Ala.Cr.App.1985), this court, per Judge Tyson, upheld a conviction for driving under the influence and rejected the appellant’s plea of “former jeopardy” based upon the payment of a fine for the offense of “improper lane use” which occurred at the same time. In its decision, this court discussed the “same transaction” test of Trawick and concluded that it was not “the law of this State nor the proper way to examine the issue.” 477 So.2d at 490. The decision in Wright indicates that, in reviewing claims of “double jeopardy,” the correct approach is to consider the “identity of the offenses, not the act out of which the offenses arose.” (Emphasis in original.) Id.
Although both Sporl and Wright are factually distinguishable from the case presently before this court, the analysis of the issues presented, including the rejection of the Trawick rationale, should be applied to the facts of this case. Thus, the trial court correctly disallowed the appellant’s plea of *510 “former jeopardy” to the charge of driving under the influence.[1]
AFFIRMED.
All the Judges concur.

. Note that other Alabama cases have followed a similar method of analysis and have achieved a similar result. See, for example: Garner v. State, 31 Ala.App. 52, 11 So.2d 872 (1943) (conviction of operating a motor vehicle without a valid driver’s license would not bar a subsequent conviction for driving under the influence of drugs or alcohol under a theory of "double jeopardy”); Echols v. State, 35 Ala.App. 602, 51 So.2d 260 (1951) (conviction of the offense of leaving the scene of an accident would not bar subsequent prosecution for a charge of manslaughter under a theory of “autrefois convict”); Smith v. City of Irondale, 293 Ala. 357, 303 So.2d 130 (1974), cert. denied, 420 U.S. 935, 95 S.Ct. 1143, 43 L.Ed.2d 410 (1975) (conviction for the offense of speeding in the jurisdiction of the City of Birmingham would not bar a subsequent conviction for the offense of reckless driving in the City of Irondale under a theory of “double jeopardy”); Little v. State, 339 So.2d 1071 (Ala.Cr.App.), cert. denied, 339 So.2d 1073 (Ala.1976) (no "double jeopardy” where appellant indicted for homicide and trial de novo for conviction of the offense of reckless driving was pending).
At least two other jurisdictions have concluded that the plea of "double jeopardy” would not attach to a charge of driving under the influence subsequent to a conviction of speeding: Grant v. State, 505 S.W.2d 279 (Tex.Cr.App.), cert. denied, 417 U.S. 968, 94 S.Ct. 3172, 41 L.Ed.2d 1139 (1974); Blum v. County Court of Larimer County, 631 P.2d 1191 (Colo.App.1981).