We granted the defendant's petition for a writ of certiorari to review the Court of Criminal Appeals' decision in Wright v.City of Montgomery, 477 So.2d 489 (Ala.Crim.App. 1985), which is in conflict with a prior decision of our former Court of Appeals, Trawick v. City of Birmingham, *Page 493 23 Ala. App. 308, 125 So. 211 (1929). In Trawick, the Court of Appeals ruled that a defendant who was tried and convicted in a municipal court for speeding could not subsequently be prosecuted for driving while intoxicated, both offenses being based on the same set of facts. In Wright the court declared that Trawick was not the law in Alabama. It ruled that a prosecution and conviction for a lane violation did not bar a subsequent prosecution for driving under the influence arising from the same set of facts.
On the night in question a Montgomery police officer observed the defendant's automobile swerve into the wrong lane. After stopping the defendant's vehicle, the officer noticed the smell of alcoholic beverages about the defendant's person. The officer conducted field sobriety tests and ultimately arrested the defendant and charged him with driving under the influence of alcohol (D.U.I.) and improper lane usage. The defendant went to a city magistrate, pleaded guilty to the lane violation, and paid the specified fine. The defendant was subsequently tried and convicted of D.U.I. in municipal court and he appealed to circuit court. There he filed a plea of former jeopardy, alleging that his conviction of improper lane usage precluded his subsequent prosecution for D.U.I. The plea was denied. The defendant was tried and convicted, and the Court of Criminal Appeals affirmed.
The Fifth Amendment to the United States Constitution and Section 9 of the Alabama Constitution provide that no person can twice be placed in jeopardy for the same offense. The double jeopardy provisions confer three separate guarantees: (1) protection against a second prosecution for the same offense after acquittal; (2) protection against a second prosecution for the same offense after conviction; and (3) protection against multiple punishments for the same offense.North Carolina v. Pearce, 395 U.S. 711, 717, 89 S.Ct. 2072,2076, 23 L.Ed.2d 656 (1969).
This case involves the second of the three types of double jeopardy protections. The defendant contends that the D.U.I. prosecution constituted a second prosecution for the lane violation. There are two aspects to the double jeopardy question, whether jeopardy has attached and whether the two offenses are the "same" for double jeopardy purposes. See Cook,Constitutional Rights of the Accused; Post-Trial Rights, § 63-69 (1976); Comment, Double Jeopardy — Defining the SameOffense, 32 La.L.Rev. 87 (1971); Note, Twice in Jeopardy, 75 Yale L.J. 262, 268-69 (1965); Note, 7 Brooklyn L.Rev. 79 (1937).
Jeopardy attaches on a guilty plea when the plea is accepted and entered by a court with jurisdiction. Odoms v. State,359 So.2d 1162, 1164 (Ala.Crim.App. 1978). See cases noted in Annot., 75 A.L.R.2d 683, 692 (1961). City magistrates are authorized to accept guilty pleas and collect fines for minor traffic violations. Ala. Rules of Judicial Admin., Rule 18 (II)(B)(2)(c). Therefore, the entry of a guilty plea and acceptance of the fine by the magistrate constituted an adjudication of the lane violation charge and jeopardy attached. The dispositive issue, therefore, is whether the two charges constitute the "same offense" for double jeopardy purposes.
The test for determining the identity of offenses under the Fifth Amendment was set out in Blockburger v. United States,284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). Blockburger
provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." 284 U.S. at 304. Alabama has applied theBlockburger test to determine whether two offenses are the "same" under the Alabama Constitution. See Rowell v. State,447 So.2d 193, 195 (Ala.Crim.App. 1983), writ quashed as improvidently granted, 447 So.2d 196 (Ala. 1984). TheBlockburger test turns on the statutory elements of the two offenses, not on the actual evidence that may be used by the state in proving the crimes. Iannelli v. United States, *Page 494 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed.2d 616
(1975).
In reliance on Blockburger, the State argues that because each offense requires the proof of at least one element which is not among the elements of the other crime the two offenses are not the "same." Driving under the influence does not require a showing that the defendant committed a lane violation; proof of the lane violation does not require a showing of intoxication.
The defendant argues, however, that Blockburger was "effectively overruled" by Ashe v. Swenson, 397 U.S. 436,90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In Ashe six men were engaged in a game of poker in the basement of a residence when three or four armed men broke into the basement and robbed them. The defendant was charged with the robbery of one of the victims and was found not guilty. The defendant entered a plea of double jeopardy to a subsequent prosecution for the robbery of another of the poker players. The witnesses at the second trial were, for the most part, the same ones who had testified at the first trial except that the state failed to call one of the participants in the poker game whose identification of the defendant during the first trial had been "conspicuously negative." The Court reversed the defendant's conviction on the grounds that collateral estoppel was embodied within the double jeopardy provision. It ruled that once a jury had determined that a reasonable doubt existed about the defendant's identity, the state could not relitigate that issue. 397 U.S. at 446,90 S.Ct. at 1195. Ashe engrafted an exception onto the Blockburger
rule, that the failure of the prosecution to consolidate all offenses arising out of one transaction will bar a subsequent prosecution which, though technically for a different offense, would require the state to relitigate an issue resolved in the defendant's favor in the first trial.
The defendant's argument that Ashe had the effect of "overruling" Blockburger is clearly erroneous. The United States Supreme Court has relied on Blockburger as authoritative on numerous occasions since Ashe was handed down. See, e.g.,Missouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535
(1983); Albernaz v. United States, 450 U.S. 333, 339,101 S.Ct. 1137, 1142, 67 L.Ed.2d 275 (1981); Illinois v. Vitale,447 U.S. 410, 416, 100 S.Ct. 2260, 2265, 65 L.Ed.2d 228 (1980); Whalenv. United States, 445 U.S. 684, 691, 100 S.Ct. 1432, 1437,63 L.Ed.2d 715 (1980); Brown v. Ohio, 432 U.S. 161, 166,97 S.Ct. 2221, 2225, 53 L.Ed.2d 187 (1977); Iannelli v. United States,420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17,43 L.Ed.2d 616 (1975). Moreover, the collateral estoppel theory applied inAshe is inapplicable to this case. There was no issue decided in the defendant's favor in the first trial which the state relitigated in the second trial.
Notwithstanding the Supreme Court's continued reliance onBlockburger and its insistence that the Blockburger rule is to be applied to a given case by examining the elements of the offenses charged, not "the facts alleged in a particular indictment," Whalen v. United States, 445 U.S. 684, n. 8,100 S.Ct. 1432, n. 8, 63 L.Ed.2d 715 (1980), there is a disagreement among members of that Court as to how to deal with the double jeopardy question presented by a subsequent prosecution for a crime where the actual evidence necessary to prove the subsequent offense will entail proof of a prior offense for which the defendant has already been convicted. Compare majority and dissenting opinions in Thigpen v. Roberts, ___ U.S. ___, 104 S.Ct. 2916, 82 L.Ed.2d 23 (1984); Missouri v.Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535 (1983);Illinois v. Vitale, 447 U.S. 410, 100 S.Ct. 2260,65 L.Ed.2d 228 (1980). The dispute centers around whether Blockburger
should be applied to the elements of the crime in the abstract or in light of the particular facts in question. For instance, in Brown v. Ohio, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187
(1977), the defendant was convicted of operating an automobile without the owner's consent (joy riding). The Court ruled that his subsequent *Page 495 
prosecution for auto theft[1] violated the double jeopardy prohibition. A proof of auto theft will usually include proof that the defendant operated the vehicle without the owner's consent. Since the theft statute involved specifically applies to automobiles, that result will obtain under that statute regardless of whether the elements of the statute are examined in the abstract or in light of the particular facts in question. Suppose, however, that Brown had been accused of theft under a generic theft statute which did not specify the type of property taken. If one applies Blockburger to the elements of the two offenses in the abstract it would seem that they are not the "same," since proof of theft, which may involve any sort of personal property, will not always entail proof that an automobile was taken, a necessary element of joy riding. Application of Blockburger in light of the facts in question in Brown v. Ohio produces a different result, however, since proof of theft under those facts would require proof of the offense for which the defendant was previously convicted.
In Harris v. Oklahoma, 433 U.S. 682, 97 S.Ct. 2912,53 L.Ed.2d 1054 (1977), the defendant was convicted of felony murder prior to his prosecution for robbery arising out of the same transaction. The Oklahoma court, in whose jurisdiction the case arose, rejected the defendant's double jeopardy argument by pointing out that the two offenses in question, robbery with firearms and murder, were distinct. Proof of felony murder in the abstract does not necessarily entail proof of robbery. The felony murder statute merely required proof of the commission of "any felony." Harris v. State, 555 P.2d 76, 80 (Okla. 1976). In reversing the Oklahoma court's decision, the Supreme Court concluded that since proof of the underlying felony, robbery with firearms, was needed to prove the intent necessary for a felony murder conviction, the offenses were the same for double jeopardy purposes. 433 U.S. at 682, 97 S.Ct. at 2912, quoting 555 P.2d at 80-81. Since it was theoretically possible that a different felony could have supported the felony murder conviction, the court apparently applied Blockburger in light of the facts of that particular case rather than to the elements in the abstract. See Whalen, 445 U.S. at 708-11,100 S.Ct. at 1446-48 (Rehnquist, J., dissenting).
Similarly, in Illinois v. Vitale, 447 U.S. 410,100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the issue was whether the state could prosecute a defendant for involuntary manslaughter by use of an automobile after his conviction for failure to reduce speed to avoid a collision. In reversing the Illinois Supreme Court's decision that the prosecution constituted double jeopardy, the Court reasoned that the double jeopardy provision was inapplicable if "manslaughter by automobile could be proved without also proving a careless failure to reduce speed."447 U.S. at 419, 100 S.Ct. at 2266. That statement appeared to imply that Blockburger should be applied to the elements of the crimes in the abstract. The Court went on to state, however: ["I]t may be that to sustain his manslaughter case the state may find it necessary to prove a failure to slow or to rely on conduct necessarily involving such failure; it may concede as much prior to trial. In that case, because Vitale has already been convicted for conduct that is a necessary element of the more serious crime for which he has been charged, his claim of double jeopardy would be substantial under Brown and our later decision in Harris v. Oklahoma, 433 U.S. 682 [97 S.Ct. 2912,53 L.Ed.2d 1054] (1977)." 447 U.S. at 420, 100 S.Ct. at 2267. Aside from the ambiguousness denoted by use of the term "substantial," the Court seemed to imply in that statement thatBlockburger should be applied in light of the facts of the case in question.
As one of its Justices candidly admitted, the Supreme Court's recent decisions *Page 496 
regarding the constitutional guarantee against double jeopardy "can hardly be characterized as models of consistency and clarity." Whalen v. United States, 445 U.S. 684, 700-01,100 S.Ct. 1432, 1442, 63 L.Ed.2d 715 (Rehnquist, J., dissenting.) It does not appear to us, however, that the D.U.I. charge and the lane violation were the "same offense" under theBlockburger test, whether the test is applied to the elements of the offenses in the abstract or in light of the facts of this case. Under the facts of this case the state will not need to prove the lane violation in order to prove the defendant violated the D.U.I. statute. Unlike the felony murder or vehicular homicide prosecutions in Harris, supra, and Vitale, supra, D.U.I. does not require proof that another offense was committed. The state needs only to prove that the defendant drove or was in actual physical control of the vehicle while intoxicated. Section 32-5A-191, Code of Alabama 1975. Since it was unnecessary to prove the lane violation[2] in order to prosecute the defendant for drunken driving, the two offenses were not the "same" for double jeopardy purposes.[3]
The judgment of the Court of Criminal Appeals is affirmed. The double jeopardy provisions of the United States and Alabama Constitutions do not prohibit the defendant's prosecution for drunken driving after his conviction for a traffic violation arising from the same incident.
AFFIRMED.
TORBERT, C.J., and MADDOX, ALMON, SHORES, ADAMS and HOUSTON, JJ., concur.
[1] The statute prohibited the theft of "any motor vehicle."432 U.S. at 163 n. 2, 97 S.Ct. at 2224 n. 2.
[2] We realize that evidence relating to the lane violation was necessary as an evidentiary matter to show probable cause for stopping the defendant's vehicle. That connection is clearly too tenuous to result in a conclusion that the two offenses were the "same" for double jeopardy purposes, however.
[3] The parties framed the issues in terms of constitutional law only. It is pertinent to note, however, that Alabama has a statute, § 15-3-8, Code 1975, which provides legislative protection against double jeopardy beyond the protection provided by the constitution. It provides:
 "Any act or omission declared criminal and punishable in different ways by different provisions of law shall be punished only under one of such provisions, and a conviction or acquittal under any one shall bar a prosecution for the same act or omission under any other provision."
While the double jeopardy protections of the Fifth Amendment do not prohibit the state from prosecuting and punishing a defendant for several crimes arising out of a single act, seeMissouri v. Hunter, 459 U.S. 359, 103 S.Ct. 673, 74 L.Ed.2d 535
(1983); Albernaz v. United States, 450 U.S. 333,101 S.Ct. 1137, 67 L.Ed.2d 275 (1981); Blockburger v. United States,284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), § 15-3-8 does.
It is not necessary for us to determine whether the offenses arose out of the same act, however, because the legislature effectively truncated the application of § 15-3-8 in drunken driving cases by adopting § 32-5A-190 (c), Code of Alabama 1975. That section provides: "Neither reckless driving nor any other moving violation . . . is a lesser included offense under a charge of driving while under the influence of alcohol or drugs." In so providing, the legislature manifested an intention to provide for multiple prosecutions and convictions for traffic violations committed by drunken drivers to the extent that such prosecutions would be constitutionally permissible. It is reasonable to assume, therefore, that the legislature did not intend for § 15-3-8 to operate in connection with drunken driving offenses.