This is an appeal by the State of Alabama from an order of the Circuit Court of Marshall County dismissing the indictment charging Robert Wayne Patton with assault in the first degree. The indictment was dismissed on the ground that the assault prosecution *Page 1003 
was barred by principles of former jeopardy.
The facts of this matter are as follows:
April 16, 1992: An automobile collision occurred between Patton and Joyce Ladean Blackmon. Patton was arrested and issued a Uniform Traffic Ticket and Complaint (UTTC) for driving under the influence (D.U.I.) (C.R. 57), for driving while his license was suspended (C.R. 59), and for driving the wrong way on a one-way street (C.R. 61).
June 1, 1992: In municipal court, Patton pleaded guilty and was convicted of and sentenced for D.U.I. and driving with a suspended license. As part of the plea agreement, the charge of driving the wrong way was dismissed. C.R. 15.
August 28, 1992: Patton was indicted for assault in the first degree. The indictment charged that Patton did,
 "under circumstances manifesting extreme indifference to the value of human life, recklessly engage in conduct which created a grave risk of death to another person and did thereby cause serious physical injury to Joyce Ladean Blackmon by driving or operating a motor vehicle in the wrong direction on a one way public street, road, or highway and by driving said motor vehicle over, against or into another vehicle in which the said Joyce Ladean Blackmon was riding or operating." C.R. 14. (Emphasis added.)
September 28, 1992: Patton entered a plea of not guilty and waived arraignment in circuit court. C.R. 11. He was granted 14 days to file any additional pleas. C.R. 1.
October 20, 1992: Patton filed a motion to dismiss the assault indictment on the ground of double jeopardy. C.R. 15.
November 20, 1992: The case action summary for this date states: "Defendant's motion to dismiss argued and taken under advisement. It does not appear that the wrong-way-driving count or charge in City Court was dismissed with prejudice; D.U.I. and driving while revoked are not the quo modo set out in the indictment. It appears to this court that defendant is not entitled to a dismissal at this time. Motion denied." C.R. 2.
April 8, 1993: A hearing was held on the motion to dismiss and the case was "dismissed on the basis of double jeopardy." C.R. 2.
At the hearing on the motion to dismiss, the prosecutor candidly admitted that "the basis of the conviction [for assault] would have to rest on the driving the wrong way on a one-way street as being the conduct that [the prosecution] would rely on" (R. 10); and that "[d]riving the wrong way on a one-way street would be the basis of the [assault] charge" (R. 22). The prosecutor also admitted that if the charge for driving the wrong way on a one-way street had been dismissed with prejudice, jeopardy would bar the prosecution for assault. R. 11.
At the conclusion of the hearing, the trial judge stated:
 "So I'm going to say under [Grady v.] Corbin, [495 U.S. 508, 110 S.Ct. 2084, 109 L.Ed.2d 548 (1990),] and assuming the State would prove only that testimony of driving on the wrong side of a one-way street (sic) and no further or other evidence of recklessness, or whatever it might be, I'll rule that it is jeopardy and dismiss this." R. 27.
"There are two aspects of the double jeopardy question, whether jeopardy has attached and whether the two offenses are the 'same' for double jeopardy purposes." Ex parte Wright,477 So.2d 492, 493 (Ala. 1985).
 I
Even though "[n]umerous cases have held that a person is not placed in double jeopardy when the State seeks to prosecute him on a previously dismissed charge, after his guilty plea toanother charge has been vacated," Williams v. State,494 So.2d 819, 821 (Ala.Cr.App. 1986) (emphasis added), this is not applicable in the present case because Patton's guilty plea to the driving the wrong way charge was not withdrawn, vacated, or set aside. Here, the charge of driving the wrong way on a one-way street was dismissed with prejudice. This differs fromWilliams in which the appellant's withdrawal *Page 1004 
of his guilty plea to [a] burglary charge removed "the condition upon which the State agreed not to prosecute him on [a] sodomy charge. . . . Thus, the State was free to reprosecute the appellant on the sodomy charge once he withdrew his guilty plea on the burglary charge." Williams,494 So.2d at 822.
However:
 "When the prosecutor and defendant enter into a binding plea agreement for a guilty plea in exchange for a nolle prosequi on the remaining charges, and the court accepts the guilty plea and defendant complies, the state is barred from any further prosecution on the charges so nol-prossed, even under a new charging document, the nolle prosequi under such circumstances being tantamount to a dismissal of that charge."
22 C.J.S. Criminal Law § 225 at 274.
Under the circumstances presented in this case, jeopardy attached when the court accepted Patton's pleas and dismissed the driving the wrong way down a one-way street charge with prejudice. Thus, the appellant could not be prosecuted by either the city or the state for the offense of driving the wrong way on a one-way street charge. "[A] state and a municipal subdivision of the same state cannot bring successive prosecutions for offenses arising out of the same conduct."Ex parte Heath, 455 So.2d 905, 906 (Ala. 1984), affirmed,474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985).
 II
Second, this Court must determine whether the offenses of driving the wrong way on a one-way street and assault are the "same" for double jeopardy purposes.
The offenses in this case were committed in November 1992. At that time the test for determining whether two offenses were the same for purposes of jeopardy was the "same conduct" test announced in Grady v. Corbin, 495 U.S. 508, 110 S.Ct. 2084,109 L.Ed.2d 548 (1990). Under that test, "a subsequent prosecution [was prohibited] if, to establish an essential element of an offense charged in that prosecution, the government will prove conduct that constitutes an offense for which the defendant has already been prosecuted." Corbin, 495 U.S. at 510,110 S.Ct. at 2087. Under Corbin, and the prosecutor's candid admission that "the basis of the conviction [for assault] would have to rest on the driving the wrong way on a one-way street as being the conduct that [the prosecution] would rely on" (R. 10), Patton's prosecution for assault was "jeopardy barred" due to the prior dismissal of the driving-the-wrong-way charge pursuant to a plea bargain agreement.
However, in United States v. Dixon, 509 U.S. 688,113 S.Ct. 2849, 125 L.Ed.2d 556 (1993), a majority of the United States Supreme Court overruled and rejected the Corbin "same conduct" test in favor of the "same evidence" test of Blockburger v.United States, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932). In Dixon, Justice Scalia found that "[t]he 'same-conduct' rule [Grady] announced is wholly inconsistent with earlier Supreme Court precedent and with the clear common-law understanding of double jeopardy." Dixon, 509 U.S. at ___, 113 S.Ct. at 2860. Scalia concluded that "Grady was not only wrong in principle; it has already proved unstable in application"; that Grady "is a continuing source of confusion"; and that "the case was a mistake." Dixon, 509 U.S. at ___ _ ___, 113 S.Ct. at 2863-64.
The "same evidence" test of Blockburger is stated as follows: "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of an additional fact which the other does not." Blockburger, 284 U.S. at 304, 52 S.Ct. at 182. The strict application of that test would have us hold that these offenses are not the same because the statutory elements that must be proven in order to obtain convictions for assault and for driving the wrong way on a one-way street are different.
However, we hold that the appellant's prosecution for assault is also barred under the Blockburger test. In Illinois v.Vitale, 447 U.S. 410, 100 S.Ct. 2260, 65 L.Ed.2d 228 (1980), the question presented was "whether *Page 1005 
the Double Jeopardy Clause of the Fifth Amendment prohibits the State . . . from prosecuting for involuntary manslaughter the driver of an automobile involved in a fatal accident, who previously has been convicted for failing to reduce speed to avoid the collision." 447 U.S. at 411, 100 S.Ct. at 2262. The Supreme Court said that "if in the pending manslaughter prosecution [the State] relies on and proves a failure to slow to avoid an accident as the reckless act necessary to prove manslaughter, [the defendant] would have a substantial claim of double jeopardy under the Fifth andFourteenth Amendments of the United States Constitution." Vitale, 447 U.S. at 421,100 S.Ct. at 2267.
 "The point is that if manslaughter by automobile does not always entail proof of a failure to slow, then the two offenses are not the 'same' under the Blockburger test. The mere possibility that the State will seek to rely on all of the ingredients necessarily included in the traffic offense to establish an element of its manslaughter case would not be sufficient to bar the latter prosecution."
Vitale, 447 U.S. at 419, 100 S.Ct. at 2266-67. Here, even though the charge of assault does not always include proof of driving the wrong way down a one-way street, the State conceded that the sole basis of the assault charge was the driving the wrong way on a one-way street. Consequently, these particular charges of assault and driving the wrong way are the "same."
In State v. McGaughy, 505 So.2d 399 (Ala.Cr.App. 1987), this Court held that a D.U.I. conviction may, under principles of jeopardy, bar a prosecution for assault in the first degree arising out of a single occurrence if driving under the influence of alcohol constitutes the State's sole evidence of the reckless conduct necessary to establish a violation of the assault statute.
 "Although we find that, under Blockburger, the two offenses in the instant case are distinct and separate offenses, as we read Vitale, if the D.U.I. constitutes the State's sole evidence of reckless conduct necessary to establish a violation of § 13A-6-20(a)(3) [reckless assault], then appellant would have a substantial claim of double jeopardy under the Fifth and Fourteenth Amendments."
McGaughy, 505 So.2d at 402. In Ex parte Wright, 477 So.2d 492,494 (Ala. 1985), the Alabama Supreme Court noted that there exists a dispute as to "whether Blockburger should be applied to the elements of the crime in the abstract or in light of the particular facts in question." That dispute was not decided inWright. See also King v. State, 574 So.2d 921, 931 (Ala.Cr.App. 1990) (Bowen, J., concurring specially) ("the Alabama Supreme Court has explicitly rejected a strict 'elements' approach to the lesser-included/same offense determination, and has implicitly recognized the Blockburger test as a 'floor' rather than a 'ceiling' for 'same offense' definitions").
In Ex parte Coleman, 584 So.2d 455, 458 (Ala. 1991), the Alabama Supreme Court held that the defendant's prosecution for reckless murder and assault were not barred by principles of former jeopardy, under either the Blockburger or the Corbin
test, even though the defendant had already pleaded guilty to and been convicted of D.U.I., because the defendant "has not shown that the State, in order to prove the reckless murder and assault charges, will have to prove that he was driving under the influence of alcohol." In light of Vitale, Wright, andMcGaughy, we hold that the Blockburger test should be applied in light of the particular facts in question and not to the elements of the crime in the abstract.
Therefore, we hold that Patton's prosecution for reckless assault as defined in Ala. Code 1975, § 13A-6-20(a)(3), is barred under principles of former jeopardy by the dismissal, pursuant to a plea agreement, of the charge of driving the wrong way on a one-way street because driving the wrong direction on a street is the sole basis for the reckless conduct necessary to establish a violation of the assault statute.
The judgment of the circuit court dismissing the indictment for assault is affirmed.
AFFIRMED. *Page 1006 
TAYLOR, PATTERSON, and McMILLAN, JJ., concur.
MONTIEL, J., dissents without opinion.