I do not agree with the majority's blanket assertion that first-degree rape and second-degree rape are separate offenses. I believe that the majority's strict reliance on Blockburger is misplaced. This court has previously noted that "`the Alabama Supreme Court has explicitly rejected a strict "elements" approach to the lesser-included/same offense determination, and has implicitly recognized the Blockburger test as a "floor" rather than a "ceiling" for "same offense" definitions.'" Knight v. State, 675 So.2d 487, 497 (Ala.Cr.App. 1995), writ denied,675 So.2d 502 (Ala. 1996) (quoting King v. State, 574 So.2d 921,930 (Ala.Cr.App. 1990) (Bowen, J., concurring specially)). Furthermore, we have held that "the Blockburger test should be applied in light of the particular facts in question and not to the elements of the *Page 926 
crime in the abstract." State v. Patton, 669 So.2d 1002, 1005
(Ala.Cr.App. 1993). However, because Alabama caselaw on this issue is unsettled, I cannot say that trial counsel was ineffective for advising the appellant that there was a possibility that he could be convicted of both first- and second-degree rape. Therefore, I concur in the result only.